Smith, J.
The questions presented in this case, arise on the findings of law and of fact made by the court of common pleas, as to the distribution of the proceeds of a sale of certain real estate made by Mr, Hutchinson as the assignee of Mrs. Straub for the benefit of her creditors, and of certain rents which had been received by the assignee from said real estate which acrued after the assignment and up to the day of the sale of such real estate.
The facts as found by the court,briefly stated, are these: On June 12, 1893, Mrs. Straub was the owner of the real estate in question,and on that day she and her husband executed a mortgage thereon to the St. Bernard Loan & Building Association Company, to secure a loan of $3500, which was in the usual building association form, conveying the said real estate,and all of the'privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof, to the association. The question of the mortgage in brief was, that the grantors were to pay to the association according to its'1 constitution and by-laws and without demand therefor, the following sums of money from the date of the mortgage until such time as the dues paid in, together with dividends credited, shall amount to $3500, in the following manner, and (which said Kate M. Straub promised to do) — viz.: 1st, dues — $3.50 per week; 2nd,interest — :$4.20 per week; 3rd,premium of 60 cents per week; 4th, all fines, assessments and penalties which Mrs. Straub should incur, or which might be levied upon'her as *454 a member of said company and in accordance with the constitution and by-laws; and 5th, all taxes, assessments, insurance premiums, ground rents or other charges upon said mortgaged premises; then these presents shall be void. That on January 18, 1896, Mrs. Straub made an assignment to Mr. Hutchinson of all her property, including this real estate,for the benefit of her creditors. That it (the real estate), had been sold under the order of the court in this action for $3575.00, and that the assignee had collected rents from said mortgaged real estate, which accrued subsequently to the assignment, amounting to $335.50 — in all $3910.50, That the taxes on said real estate amounted to $96.30, which the assignee paid. That the costs, compensation of assignee, and his attorney’s fees allowed by the probate court in the action for the sale of the real estate, amounted to $362.60, which the assignee paid. That the amount due the building association, with interest to day of sale, including fines, was $3326.78, on which the assignee had paid $3116.00. That the amount of fines which accrued after the assignment was $64.88. That there were no other liens on said property.
As a conclusion of law the court adjudged that the assignee be allowed credit for all the amounts paid out by him as before found, and that there remained in his hands $335.60, which the court ordered to be disposed of as follows: 1st. That he reserve $100 for the costs accrued, and which might accrue. 2nd. That he pay the building association the balance of its claim, $210 78. And that he hold the balance, $24.82, for distribution according to law.
The assignee thereupon excepted to so much of the decree, as orders the payment of any part of the rent received by him to the building association, and to the allowance to the association of any fines after the assignment, and to the order directing the assignee to pay the coats of this proceeding. And these are the errors alleged to exist in the judgment.
*455 We notice those claims briefly.
In the first place it may be said, that there is not a finding any where made by the court, that there was then a single creditor of Mrs. Straub in existence, cr ever had been except the building association, and the claim for taxes on the part of the state. Why, then, should the assignee have not been required to pay the undisputed claim of the building association against her, out of the proceeds of the sale of the real estate on which it held a mortgage, after paying the taxes, the first lien thereon, and all the costs and expenses in the case, or out of other moneys in his hands for the payment of debts ? And so far as we see, the papers in the case do not disclose that there were any other creditors of Mrs. Straub. Surely in such case, the rents as well as the proceeds of the sale of the land were payable to the only creditor.
But conceding that there were other creditors, what then? It appears from the papers in the case, that before the assignment, on October 10, 1895, Mrs, Straub had rented the land for one year from that date to one Moult-man — the assignment having been made January 18, 1896. It does not appear when the rent was payable — presumably at the end of the term, viz., October 18, 1896. In some cases rent not due is considered as real estate, as for instance between an executor or administrator, and the heir. And in a case of this kind, as it issues out of land mortgaged to the building association, we think it so partakes of the nature of the land itself, that the assignee would hold it as the trustee of the mortgagee rather than for general creditors who had no lien upon the land itself or of the proceeds thereof.
In so far as the question of fines is concerned, we are of the opinion that as their payment was secured by the mortgage, the building association was entitled to a decree for the amount thereof in this case up to the date of the sale, *456 the time^to which they were allowed by the decree. We see no reason why the liability for fines should cease, when the mortgagor sees proper to assign her property to an assignee for^the benefit of creditors. This would be to say that the’mortgagor has the right at her own election to change the terms and conditions of the mortgage executed by her. If this could be done, why could not she or her assignee make the same claim as to the interest, or other payments she bound herself to make?
In the case of Hageman v. .Building Association, 25 Ohio St., 186, the supreme court held that after the breach of the condition of a mortgage given to secure the payment of stated dues, interest on loans advanced, and fines, the decree in an action to foreclose, should be confined to the amount of such dues, interest and fines then due and unpaid.”
In this case the plaintiff, the assignee, took a decree for the sale of the property in question, in the probate court, before a decree fixing the amount of the claim of the building association had been taken. After the sale it was done, and the assignee appealed to the common pleas from that decree. This appeal in substance vacated the finding of the probate court, and in the common pleas, we think that court might have calculated the fines due at the date of the decree there. But they were only calculated up to the-day of'sale. This was favorable to the plaintiff in error, and he cannot complain of it.
The decree ordering the assignee to pay the costs from the fund was not erroneous, and the judgment of the common pleas will be affirmed, with costs.